UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R<small>ODOLFO</small> L<small>EYVA</small>, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | C<small>IVIL</small> A<small>CTION</small> H-08-1019 |
| | § | |
| J.B. H<small>UNT</small> T<small>RANSPORT</small>, I<small>NC</small>., | § | |
| | § | |
|    *Defendant*. | § | |

**O**RDER

Pending before the court is plaintiff's motion to abstain and remand pursuant to 28 U.S.C. § 1447(c). Dkt. 5 Upon consideration of the motion, defendant's response, and applicable law, Leyva's motion to abstain and remand is DENIED.

**I. B**ACKGROUND

On September 30, 2005, Rodolfo Leyva was working for his employer, J.B. Hunt Transport, Inc, in Houston, Texas. Dkt 1, Ex. B. During the course of cranking up a trailer, Leyva sustained a hernia and now brings suit against Hunt for negligence. *Id*. at 8-10. Leyva alleges that Hunt's negligence with respect to training, inspection of premises, maintaining a safe work environment, failure to implement a safety program, and failure to warn of dangerous conditions caused his injury. *Id*. at 8-9. He claims damages of $26,446.45 for past and future medical expenses, $39,600 for lost wages, $300,000 for permanent disabling injuries, and $250,000 for punitive and/or exemplary damages. *Id*. at 6.

In 2004, Hunt elected to forego coverage of its workers under the Texas Workers' Compensation Act and established a private employee welfare plan. Therefore, neither party asserts that Leyva's claim arises under federal or state worker's compensation statutes. *Id*. at 14. Leyva

filed suit on March 23, 2007 in the 157th Judicial District of Harris County, Texas. Dkt. 1. Hunt removed this case to the Southern District of Texas on April 2, 2008. *Id.*

## II. ANALYSIS

Leyva moves for remand on the basis that diversity jurisdiction is not present. The parties agree in their pleadings that 1) Leyva is a citizen of Texas; 2) the amount in controversy is in excess of $75,000; and 3) there is no federal law that gives rise to this case. Dkt 1, Ex. B. The only remaining question, therefore, is whether Hunt is a citizen of Texas or Arkansas based upon the location of its principle place of business.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant predicates jurisdiction in this action on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." § 1332(c)(1). Because neither party disputes that Hunt was incorporated in Georgia, the sole area of contention over Hunt's citizenship focuses on where Hunt maintains its principle place of business.

The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Any doubts as to the validity of federal jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000). The legislative history of 28 U.S.C.A. § 1332(c) is clear that Congress intended for each corporation to have only one principle place of business. *J.A. Olson Co. v. City of Winona*, 818 F.2d 401 (5th Cir. 1989) (citing S.Rep. No. 85-1830 at 3100 (1958)).

The determination of a corporation's "principal place of business" is a "fact question that follows no single inflexible test dependent solely upon the situs of the nerve center or upon the situs of activities of the corporation." *Olson*, 818 F.2d at 406. In the Fifth Circuit, a corporation's principle place of business is found by using the "total activity" test. *Vill. Fair Shopping Ctr. Co. v. Sam Broadhead Trust*, 588 F.2d 431, 434 (5th Cir. 1979). The total activity test is a sliding scale that places emphasis either on the "place of activity" for companies whose activities are centralized in a single locus, or on the "nerve center" for companies whose operations are more dispersed. *Olson*, 818 F.2d at 401-11. Under the "total activity" test, the "nerve center" is the location where the corporate activities are directed, and the "place of activity" is where the company's primary operations are housed. *Id.* at 404. The balancing of the company's operations with the locus of activity prevents the use of a single static test that may not apply to all types of business operations. *Id.* at 403.

In the instant case, the dispersed or "far flung" nature of Hunt's activities argues for the application of the "nerve center" analysis for establishing citizenship. *Olson*, 818 F.2d at 411. The "nerve center" of a corporation is the place from which "it radiates out to its constituent parts and from which its officers, direct, control and coordinate all activities without regard to locale, and in the furtherance of the corporate objective." *Carter-Langham, Inc. v. Phillips Petroleum Co.*, 957 F. Supp. 940, 942 (citing *Olson*, 818 F.2d at 407, 411). Hunt conducts business activity in each of the contiguous 48 states. Dkt. 6, Ex. 1. While Hunt maintains offices in several states, its senior management, including all three executive officers, is located in Lowell, Arkansas. *Id.* Additionally, the uncontroverted evidence in the record demonstrates that all binding policy decisions for the company flow from the Lowell office. *Id.* Furthermore, Hunt makes all decisions regarding

facilities, equipment, purchasing, financing, driver recruitment and retention, marketing strategies, operations, accounting, and risk management in Lowell. *Id.*

Leyva argues that Hunt is a citizen of Texas because Hunt maintains an active Texas taxpayer identification number and has extensive business activities in Texas.[1] Dkt. 5. In this regard, Leyva conflates the minimum contacts analysis of personal jurisdiction with the corporate citizenship requirements of diversity jurisdiction. There is little doubt that due to Hunt's purposeful availment of the Texas market, it could reasonably foresee being subject to litigation in a Texas court, but that analysis is not relevant to this inquiry. Were this the test for corporate citizenship, Hunt and many other national companies would be citizens of almost every state in the nation. *See Olson*, 818 F.2d at 406. The statute is clear that a company's citizenship is determined by its principle place of business and its place of incorporation. § 1332(c)(1). Leyva asserts that Hunt's principle place of business is in Texas, but he never offers any meaningful support for that assertion. Dkt. 5.

Defendant, on the other hand, clearly lays out the uncontradicted evidence demonstrating that, as established by the nerve center analysis under the total activity test, Hunt maintains a principle place of business in Arkansas.[2] Accordingly, under 28 U.S.C § 1332(c)(1), Hunt is a

---

[1]Notably, Leyva's original state court petition identified Hunt as a citizen of a state other than Texas with its primary office in Lowell, Arkansas. Dkt. 1, Ex. B. Only now does Leyva contest Hunt's citizenship. Dkt. 5.

[2]Hunt's citizenship with regard to its principle place of business is not a novel issue. Many other district courts have examined this issued and have also found that Hunt's principle place of business is Arkansas. *J.B. Hunt Transport, Inc. v. Adams*, 537 F. Supp. 2d 880 (E.D. Mich 2006) (finding that Hunt maintains a principle place of business in Arkansas); *E.E.O.L. v. J.B. Hunt Transport, Inc.*, 128 F. Supp. 2d 117 (N.D.N.Y. 2001) (same); *See also J.B. Transport, Inc. v. Bolton*, No. 06-C-178-S, 2006 WL 1722430 (W.D. Wis. June 20, 2006) (same); *Struthers v. Wehner*, No. 94-C-747, 1994 WL 162774 (N.D. Ill. Apr. 22, 1994) (same); *Eakin v. Hunt*, No. Civ. A. 93-1523, 1993 WL 534044 (E.D. La. Dec. 13, 1994) (same); *Burke v. J.B. Hunt Transport, Inc.*, No. 91-C-3459, 1992 WL 137153 (N.D. Ill. June 10, 1992) (same).

citizen of Georgia and Arkansas. Therefore, because Leyva is a citizen of Texas, the parties are diverse and jurisdiction in this court is proper under 28 U.S.C. § 1332(a)(1).[3]

### III. CONCLUSION

Hunt has presented sufficient evidence for this court to determine that it maintains a principle place of business in Arkansas. Accordingly, Leyva's motion to abstain and remand is DENIED. It is so ORDERED.

Signed at Houston, Texas on June 4, 2008.

_____
Gray H. Miller
United States District Judge

---

[3] After considering the plaintiff's reply, filed on June 3, 2008 in support of its motion to remand, the court finds the plaintiff's objections to the admissibility of the testimony of Wesley Griffin unfounded, and they are therefore overruled. Dkt. 9. Mr. Griffin clearly states in the affidavit that the facts contained therein are based upon his personal knowledge. Dkt. 6, Ex. 1. Furthermore, even if the affidavit were found to be inadmissible, the court is still convinced, based upon the findings of other district courts, that the defendant's principle place of business is Arkansas. Because the defendant can show, beyond a preponderance of the evidence, that Hunt maintains a principle place of business in Arkansas with or without the affidavit, further consideration of its propriety is unwarranted.